## No. 9564.

### PRIMEAU v. ACTON.

MINING PROPERTY—*Tunnels*.  A tunnel Location under Sec. 2323 of the Revised Statutes of the United States is mining property within the meaning of sec. 175 of the Code of Civil Procedure.

*Error to Summit District Court, Hon. Francis E. Bouck, Judge.*

Mr. LYNDON S. SMITH, for plaintiff in error.

Mr. BARNEY L. WHATLEY, Mr. CARL A. KAISER and Mr. A. B. CROSSWHITE, for defendants in error.

Mr. Justice Scott delivered the opinion of the court.

THE plaintiff in error, plaintiff below, on the 26th day of February, 1919, filed a complaint in the District Court of Summit County against the defendants, defendants in error, alleging the location and development of a mining tunnel under the provisions of section 2323 U. S. Rev. Stat. 1878, being an Act of Congress approved May 10th, 1872, entitled "An Act to Promote the Development of the Mining Resources of the United States."

The complaint fully sets forth a full compliance with the law, and discloses an expenditure in excess of $6,000.

The complaint further alleges that on the 10th day of January, 1919, and during the temporary absence of plaintiff, the defendants entered upon said premises and seized possession thereof, barricaded the portal of the tunnel with a heavy door, and posted on said door the following notice:

"The Acton Tunnel.

This tunnel I claim for a cross-cut for the purpose of doing assessment for the Acton group of claims of which I am part owner. No trespassing.

Dated January the 10th, 1919.

(Signed) BERT ACTON."

Further, that defendants have forcibly prevented the plaintiff from entering upon the premises and from continuing his development thereof.

The defendants demurred to the complaint on the ground that the same does not state facts sufficient to constitute a cause of action under section 175 of the Code of Civil Procedure, in that a tunnel site under section 2323 U. S. Rev. Stat. 1878, is not a mining property, or premises within the meaning of section 175 of the Code of Civil Procedure.

The court sustained the demurrer solely upon such ground and dismissed the proceeding. The plaintiff brings error.

Clearly the court erred in its conclusion. The action is brought under section 175 Code of Civil Procedure, which provides:

"The several district courts of the state, or any judge thereof, shall have, in addition to the power already pos-

sessed power to issue writs of injunction, for affirmative relief, having the force and effect of a writ of restitution, restoring any person or persons to the possession of any mining property or premises from which he or they may have been ousted by fraud, force or violence, or from which he or they are kept out of possession by threats, or by words or actions which have a natural tendency to excite fear or apprehension of danger, or whenever such possession was taken from him or them by entry of the adverse party on Sunday or legal holiday, or while the party in possession was temporarily absent therefrom; the granting of such writ to extend only to the right of possession under the facts of the case in respect to the manner in which the possession was obtained, leaving the parties to their legal rights on all other questions as though no such writ had been issued."

Plainly a tunnel site, and a partially developed tunnel under section 2323 Rev. Stat. U. S. 1878, is mining property, as much so, as is the location of a lode or placer mining claim.

The very language of the federal statutes itself makes it mining property, for it declares:

"Where a tunnel is run for the development of a vein or lode, or for the discovery of mines, the owners of such tunnel shall have the right of possession of all veins or lodes within three thousand feet from the face of such tunnel on the line thereof, not previously known to exist, discovered in such tunnel, to the same extent as if discovered from the surface."

The authorities uniformly so hold. It was said in *Johnson v. Lustral Co.*, 127 Cal. 283, 50 Pac. 595:

"One engaged in the construction of shafts, tunnels and the like for prospecting and developing a mine is engaged in mining as much as he who extracts ore or gravel from the mine. Suppose the shafts or tunnels should fail to strike profitable ore or gravel, * * * would the operation be any the less mining? Or, suppose some expert should

testify that the ground explored was worthless for any purpose of profit, we think his opinion would hardly justify the conclusion that the ground was not in fact mineral, assuming, of course, that the operations were prosecuted in good faith."

The judgment is reversed with instruction to overrule the demurrer and to proceed in accordance with the views herein expressed.

Judgment reversed.

Garrigues, C. J., and Denison, J., concur.