## No. 9777.

### PRIMEAU v. ACTON.

Decided Nov. 8, 1920.   Rehearing denied Jan. 10, 1921.

Action to recover possession of a mining tunnel. Judgment for defendant.

### *Reversed.*

1. MINES AND MINING—*Possession of Tunnel—Injunction.* The provisions of sec. 175 code 1908, relative to possession of mining property, are applicable to tunnels and tunnel sites, where one is deprived of possession while temporarily absent.

2. *Action for possession—Title.* In an action for possession under code sec. 175, the question of title to the property involved is irrelevant.

3. *Possession—Rightfulness of.* One in possession of a mining tunnel cannot lawfully be deprived of the property by another who takes possession during the temporary absence of the

claimant, and in an action by the latter to recover, rightfulness of possession is not an issue under code sec. 175.

4.      *Surrender of Possession—Evidence.* The claim of surrender of possession of a tunnel site is not supported by an affidavit which is only in evidence for the purpose of identification and explanation of the premises and which shows only the surrender of a mill site and not the tunnel site.

*Error to the District Court of Summit County, Hon. Francis E. Bouck, Judge.*

Mr. LYNDON S. SMITH, for plaintiff in error.

Mr. BARNEY L. WHATLEY, Mr. CARL A. KAISER, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

PRIMEAU brought suit against Acton under Section 175 Code 1908, alleging that he (plaintiff) was in possession of the A. R. K. Tunnel and Tunnel Site and that during his temporary absence defendant took and remained in possession thereof, and asked an injunction to compel restoration. The court denied the injunction on the ground that a tunnel was not mining property within the meaning of the said section.

The judgment was reversed by this court and the case remanded. *Primeau v. Acton,* 66 Colo. 603, 185 Pac. 255, where the section in question is quoted.

Upon the hearing, which was had in December, 1919, the plaintiff showed by undisputed testimony that he was in possession of the tunnel and site, that, though he himself was absent from this State, one Groenig, his foreman, lived near and was frequently on the premises and had charge of them and the personal property thereon, was never away more than two or three days at a time and was absent in that way when defendant took possession, fitted a door on the tunnel mouth and posted the notice shown in the case as previously reported. The court denied the injunction. Upon what ground does not appear.

It seems to us that the case is a typical one for the granting of an injunction under the above-mentioned statute. .The seizure of the tunnel was exactly the sort of thing the law was intended to discourage.

The court rightly held that the question of title was irrelevant, so we do not know what real basis defendant had for his highhanded action in seizing for his own use and benefit property which had been created by another at an expense of $6,000.00, but all that being excluded we can see nothing left of defendant's case.

The claim that the proceedings to make a valid location of a tunnel site and tunnel were not shown is of no force because that merely goes to the question of plaintiff's title. To require plaintiff to show these things is to require him to prove the rightfulness of his possession to question which is forbidden by the section above cited. There was a hole called a tunnel and some ground around it, used in connection with it, all for mining purposes, all in possession of plaintiff by his agent in whose temporary absence defendant entered. That was enough.

Considerable evidence was taken on the question of when work stopped on the tunnel and site. This also is irrelevant. It goes only to plaintiff's right of possession. That possession even if wrongful could not be taken from him in the manner shown in the evidence unless it was obtained by him in the way denounced by Section 175.

The only other point necessary to notice is the claim that plaintiff had surrendered possession to one McFarlane in July, 1918. That is shown only by McFarlane's affidavit which was stricken out for all purposes except for purposes of identification and explanation of the premises, and moreover it shows only the surrender of the Hamilton Mill-site and not the tunnel or tunnel site.

The judgment should be reversed and the case remanded for further proceedings not inconsistent with this opinion.

MR. JUSTICE TELLER sitting for MR. JUSTICE SCOTT.

MR. CHIEF JUSTICE GARRIGUES and MR. JUSTICE TELLER concur.